UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| SHERMAN C. IMLER, III, LISA R. IMLER, AUBREY J. IMLER, SHERMAN C. IMLER, IV, AND GRANT MANOR, INC., <br><br> Plaintiffs, <br><br> v. <br><br> CENTRAL MUTUAL INSURANCE CO., CENTRAL INSURANCE CO., ALL AMERICAN INSURANCE, CMI LLOYDS, et al., HEARTLAND INSURANCE AGENCY, and DOES 1-900, inclusive, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )   05-2101 |

## ORDER

Several of the parties to this action are adversaries familiar to this court. In 2001, defendant Central Mutual Insurance Company ("Central Mutual") filed an action against Sherman C. Imler, III and Lisa R. Imler ("the Imlers"), seeking to enforce the terms of a contract for insurance. *See generally Central Mutual Ins. Co. v. Imler*, No. 01-2013 (C.D. Ill 2001). The suit arose over the value of damage to the slate roof on a building in Danville, Illinois, used by the Imlers for their business and residence. The procedural history of the earlier case is irrelevant to the immediate issue now before the court.

With some variation – additional plaintiffs and defendants, and new causes of action – on March 28, 2005, the Imlers filed a new complaint in the Circuit Court for the Fifth Judicial Circuit, Vermilion County, Illinois. However, the subject matter of this recent case is not new. The Imlers are still attempting to litigate issues arising from the same set of facts and circumstances presented in the earlier litigation.[1]

On April 27, 2005, Central Mutual and other insurance companies in its group – Central Insurance Company, All American Insurance, and CMI Lloyds[2] – removed the state action to this court pursuant to 28 U.S.C. § 1332. The removing defendants state that they are Ohio corporations with their principal places of business in Ohio. They further allege that the Imlers

---

[1] Surprisingly, in its motion to dismiss, Central Mutual did not argue *res judicata*.

[2] These defendants are collectively referred to as "Central Mutual."

are residents (and presumably citizens) of Illinois.  The Imlers do not state a specific amount in controversy, but the remedy sought includes damages for extensive repairs on the building, and other damages.   The court agrees with Central Mutual's contention that the plaintiffs seek damages in excess of $75,000.  28 U.S.C. § 1332.

The defendant Heartland Insurance Agency ("Heartland") did not join in the notice of removal; there was no indication that Heartland had yet been served with process.[3]  *See P. P. Farmers' Elevator Co. v. Farmers Elevator Mut. Ins. Co.*, 395 F.2d 546, 547-48 (7th Cir. 1968) (only served defendants need join in a notice of removal).  The removing defendants argue a second basis for failing to obtain Heartland's consent – they contend that Heartland was fraudulently joined in this case because no cause of action was asserted, nor was any relief sought, against Heartland.  Fraudulently joined defendants need not consent to removal.  *See LeBlang Motors, Ltd. v. Subaru of America, Inc.*, 148 F.3d 680, 690 (7th Cir. 1998) (*citing Gottlieb v. Westin Hotel Co.*, 990 F.2d 323, 327 (7th Cir. 1993) (Fraudulent joinder occurs when there is no possibility that a plaintiff can state a cause of action against nondiverse defendants in state court.).

The parties lost little time entangling their opponents in a thicket of motions.  First, the Imlers, proceeding *pro se*, filed a motion to remand [#3], which was followed by Central Mutual's motion to dismiss [#5].  Heartland then entered the picture and filed a motion to dismiss [#20].  Central Mutual followed up with a motion for a hearing on all pending motions [#22] and a motion for leave to file a reply in support of its motion to dismiss [#22].  On August 1, 2005, the Imlers filed a motion for leave to file an amended complaint [#25] to restate its allegations against Heartland.

The court's threshold inquiry is whether it has subject matter jurisdiction over this case.  The Imlers argue in their motion to remand that this court lacks personal jurisdiction over the nonresident defendants, citing the Illinois Long Arm Statute, 735 Ill. Comp. Stat. 5/2-209.  "A district court sitting in diversity has personal jurisdiction over a nonresident defendant only if a court of the state in which it sits would have jurisdiction." *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 779 (7th Cir. 2003).  The Imlers contend that the defendants' conduct fits squarely within several provisions of the Long Arm Statute which, they argue, grants personal jurisdiction to Illinois state courts. They are correct that the Illinois state courts may exercise personal jurisdiction over the nonresident defendants.  Central Mutual transacts business within this state and contracts to insure people and property located in this state.   But it is precisely because Illinois state courts have jurisdiction over this case that federal courts in Illinois also have personal jurisdiction over the nonresident defendants.  By arguing that an Illinois state court has personal jurisdiction, the Imlers concede that this court also has personal jurisdiction over the nonresident defendants.

---

[3] The court need not concern itself with the unnamed defendants' failure to join in the notice of removal.  *See Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980).

Of more concern to this court is the issue of subject matter jurisdiction. Ensuring the existence of subject matter jurisdiction is the court's first duty. *See Steel Co. v. Citizens For a Better Environment*, 523 U.S. 83 (1998). This court has subject matter jurisdiction over a dispute between citizens of different states. 28 U.S.C. § 1332(a)(1). Diversity jurisdiction exists only when the parties are completely diverse – no plaintiff and no defendant may be citizens of the same state. *See Carden v. Arkoma Assoc.*, 494 U.S. 185, 187 (1990). The Imlers are citizens of Illinois. Central Mutual is a citizen of Ohio. But Heartland does business at 120 N. Vermilion, Danville, Illinois. Heartland's citizenship is problematic for Central Mutual not because Heartland failed to join in the notice of removal, but because of its citizenship. If Heartland is an Illinois citizen, and if the Imlers have colorable claims against Heartland, the parties are not completely diverse and this court has no subject matter jurisdiction over the Imlers' claims. The court must remand the action to the Vermilion County Circuit Court. On the other hand, if Heartland is dismissed from this action, this court has subject matter jurisdiction because the remaining parties are completely diverse.

As noted above, Heartland has filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). It argues that the plaintiffs have failed to state a claim against Heartland. The Imlers want to keep Heartland in the action. They seek leave to file a first amended complaint to state more explicitly their claims against Heartland. They have attached a proposed first amended complaint with allegations specifically directed to Heartland's conduct in the dispute. Because the court's threshold inquiry hinges upon the existence of a colorable claim against Heartland, the Imlers are granted leave to amend their complaint.

## CONCLUSION

This court grants the Imlers' motion for leave to file a first amended complaint [#25]. The clerk is directed to e-file the first amended complaint attached to the motion. The motions to dismiss the original complaint [#5, #20] are moot, as are the motion for leave to file a reply and motion to set all pending motions for hearing [#22]. The parties are ordered to answer or otherwise respond to the first amended complaint within fourteen (14) days of the date of this order. Heartland should incorporate into its pleading a statement of its citizenship. The Imlers' motion to remand for lack of personal jurisdiction [#3] is denied. Once Heartland has filed its responsive pleading, the court will determine whether it has subject matter jurisdiction over this action.

Entered this 10th day of August, 2005.

              **s\Harold A. Baker**
              ───────────────────────────────
                HAROLD A. BAKER
             UNITED STATES DISTRICT COURT